# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL TIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-00025-CG-B |
| ) | |
| RICHARD STRINGER, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants Richard Stringer, Janise Robinson, and Ferrell Grimes' Motion for Partial Dismissal. (Docs. 8, 9). Defendants' motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendants' motion and memorandum, and Plaintiff's response in opposition, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I. Background

Plaintiff Michael Tidwell filed the instant action against Defendants Sheriff Richard Stringer, Jailer Janise Robinson, and Chief Deputy Ferrell Grimes on January 23, 2014. Plaintiff alleges that he was denied medical care while being held as a pretrial detainee in the Washington County Jail from February 14, 2013 to February 20, 2013. (Doc. 1 at 4-11). According to Plaintiff, Defendants failed to administer his diabetes medication, and as a result, his condition became critical and

ultimately required him to be hospitalized in the intensive care unit at Springhill Medical Center. (Doc. 1 at 12-13).

In his complaint, Plaintiff has sued Defendants in their individual capacities only and alleges deliberate indifference to his medical care under 42 U.S.C. § 1983 (Count 1) (against all defendants); policy of deliberate indifference to his medical care under 42 U.S.C. § 1983 (Count 2) (against Defendant Sheriff Stringer only); violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* (Count 3) (against all Defendants); and violation § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 (Count 4) (against all Defendants). Defendants' instant motion seeks the dismissal of Plaintiff's claims brought under the ADA and RA (Counts 3 and 4) on the ground that "neither the ADA nor Rehabilitation Act applies in cases arising from an alleged failure to adequately treat a medical condition." (Doc. 9 at 4). For the reasons discussed herein, the Court finds that Defendants' motion for partial dismissal is due to be denied.

II. **Discussion**

   A. **Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting "the tenet

2

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw Plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

**B. ADA/RA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be . . . subjected to discrimination by [a public] entity." 42 U.S.C. § 12132. In order to state a claim under the ADA, a plaintiff must allege (1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability. Cramer v. State of Fla., 117 F.3d 1258, 1264 (11th Cir. 1997) (citing Holbrook v. City of Alpharetta, 112 F.3d 1522, 1526 (11th Cir. 1997)); see also Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001) (To state a claim under Title II of the ADA, plaintiff must allege "(1) that he is a 'qualified individual with a disability;' (2) that he was 'excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such entity;' (3) 'by reason of such disability.'") (quoting 42 U.S.C. § 12132).

Similarly, Section 504 of the Rehabilitation Act of 1973 provides, in pertinent part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

financial assistance . . . . 29 U.S.C. § 794. To establish a *prima facie* case for discrimination under the Rehabilitation Act, Plaintiff must show: (1) that he is "handicapped" within the meaning of the Act and relevant regulations; (2) that he is "otherwise qualified" to participate in the program in question; (3) that the program or activity received federal financial assistance; and (4) that he was adversely treated solely because of his handicap. See Jackson v. Veterans Administration, 22 F.3d 277, 278 (11th Cir. 1994); see also Barber ex rel. Barber v. Colorado Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009) ("To establish a prima facie claim under § 504, a plaintiff must demonstrate that '(1) plaintiff is handicapped under the Act; (2) [he or she] is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff.").

In support of their motion to dismiss Plaintiff's ADA and RA claims, Defendants argue that "[a]s a matter of law, the Americans with Disabilities Act and the Rehabilitation Act are inapplicable to claims based upon allegations of deliberate indifference to a serious medical condition and inadequate medical care." (Doc. 8 at 1). Defendants rely on language from Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005), in which the Eleventh Circuit stated that "the ADA

5

was never intended to provide an avenue for challenging court orders in termination of care cases," and Jones v. Rutherford, 546 Fed. Appx. 808, 811 (11th Cir. 2013), in which the Eleventh Circuit stated that "the ADA is not a 'remedy for medical malpractice' and would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." Id.

Contrary to Defendants' assertion, however, these cases do not stand for the proposition that, as a matter of law, the ADA and RA are "inapplicable" to claims based on allegations of "deliberate indifference to a serious medical condition and inadequate medical care." (Doc. 8 at 1). Rather, in addressing the plaintiff's ADA and RA claims in Schiavo,[1] the court found that defendants were neither "public entit[ies], pursuant to 42 U.S.C. § 12131(1), nor [] public accommodation[s], pursuant to 42 U.S.C. 12181(7)," and that the plaintiff had also failed to satisfy the "otherwise qualified" requirement under the RA. Id., 403 F.3d at 1292-94. Thus, the court held that the plaintiff's ADA and RA claims failed as a matter of law because

---

[1] Schiavo was a non-prisoner case arising out of an action filed on behalf of an incapacitated patient seeking a temporary restraining order to require the plaintiff's husband, as her court-appointed guardian, and the hospice which was providing care to the plaintiff, to provide nutrition and hydration to the plaintiff. The suit asserted claims for violations of the ADA, the RA, the Fourteenth Amendment, and the Eighth Amendment. See Schiavo, 403 F.3d 1289 at 1292.

6

the plaintiff failed to meet the essential elements of those claims, not because the ADA or RA were inapplicable to the plaintiff's allegations. Likewise, in Jones, in which a pretrial detainee filed an action against a sheriff and corrections officer alleging violations of his Fourteenth Amendment rights under § 1983 and violations of the ADA for denial of medical care, the Eleventh Circuit affirmed summary judgment for the sheriff on the ADA claim based on the plaintiff's failure to provide evidence that the defendant "denied him the benefit of any 'public entity's services, programs, or activities'" under the ADA. Id., 546 Fed. Appx. at 811. The court held that the plaintiff's mere allegations that he was disabled and that defendant failed to attend to his medical needs was insufficient to satisfy the elements of the ADA.[2] Id. at 811-12. In both Schiavo and Jones, the Eleventh Circuit held that the plaintiffs' ADA and RA claims failed because the plaintiffs did not meet the essential elements of their claims, not, as Defendants argue, because the ADA and RA were "inapplicable" to "claims based upon allegations of

---

[2] The court in Jones also affirmed summary judgment for the defendants on the plaintiff's deliberate indifference claim, finding that the plaintiff failed to show that the officer was deliberately indifferent to any medical need or that the sheriff had a policy that was the moving force behind the alleged constitutional violations. Id., 546 Fed. Appx. at 810-11.

7

deliberate indifference to a serious medical condition and inadequate medical care." (Doc. 8 at 1).

Moreover, to the extent that Defendants rely on the Eleventh Circuit's holding that a plaintiff cannot maintain a § 1983 action based solely on alleged violations of the ADA and RA, see Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997), that reliance is misplaced. In Holbrook, the Eleventh Circuit stated:

> To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple. We conclude that a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a Rehabilitation Act or ADA cause of action *if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA*.

Id., 112 F.3d 1522, 1531 (11th Cir. 1997) (emphasis added).

While Holbrook stands for the proposition that a disabled plaintiff may not maintain a § 1983 action based solely on violations of the ADA or RA, it does not preclude a disabled plaintiff (including an inmate) from asserting an ADA or RA action based on the discriminatory denial of medical care where the essential elements of the ADA or RA are met. In Kruger v. Jenne, 164 F. Supp. 2d 1330 (S.D. Fla. 2000), the court recognized this point, stating:

8

> In his motion to dismiss, citing Veal v. Memorial Hospital of Washington County, 894 F. Supp. 448 (M.D. Ga. 1995), and Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522 (11 Cir. 1997), Jenne argues that a plaintiff cannot maintain a § 1983 action in lieu of, or in addition to a cause of action under the ADA, or the Rehabilitation Act. . . . Jenne's interpretation of Holbrook and Veal, is incorrect. A reading of Holbrook, and subsequent cases interpreting it make clear that the Eleventh Circuit in Holbrook held that a § 1983 claim would be duplicative of an ADA claim only if the only alleged deprivation is the plaintiff's rights created by the Rehabilitation Act and the ADA. See Maggio v. Florida Dept. of Labor and Employment, 56 F. Supp. 2d 1370, 1377 (M.D. Fla. 1999), and Wright v. City of Tampa, 998 F. Supp. 1398, 1403-04 (M.D. Fla. 1998). The Court in Holbrook did not hold that a plaintiff may not simultaneously maintain causes of action under § 1983 and the ADA, but rather that the litigant may do so as long as the § 1983 claims are based on independent causes of action, *i.e.* claims based on violation of federally protected rights, whether constitutional or statutory. In this case, the plaintiff alleges independent claims that the defendant, under color of state law, subjected him to cruel and unusual punishment, in violation of his rights under the Eighth Amendment.

Kruger, 164 F. Supp. 2d at 1339. See also Milledge v. Owens, 2012 U.S. Dist. LEXIS 30337, *17-18, 2012 WL 774707, *6 (M.D. Ga. 2012) (allowing an inmate to go forward with his ADA action and his § 1983 action for violations of the Eighth Amendment for failure to provide a nutritionally adequate diet, noting: "[s]tate agencies and prisons are considered to be 'public entities' which may be sued under the ADA"); Sutton v. Allen,

9

2014 U.S. Dist. LEXIS 20596, *28-29, 2014 WL 631579, *9-11 (M.D. Ala. 2014) (where inmate filed an ADA action and § 1983 action against ADOC Commissioner, Alabama Attorney General, and prison dietician for failure to provide a diabetic diet and appropriate footwear, the court granted summary judgment for defendants on both claims based on the plaintiff's failure to meet the essential elements of the claims, but noted that "Title II [of the ADA] applies to inmates at state correctional facilities.").

In the instant case, Defendants base their motion for dismissal of Plaintiff's claims under the ADA and RA solely on the erroneous assertion that "[a]s a matter of law, the Americans with Disabilities Act and the Rehabilitation Act are inapplicable to claims based upon allegations of deliberate indifference to a serious medical condition and inadequate medical care."[3] Based on the foregoing authorities, it is recommended that Defendants' motion for partial dismissal of Plaintiff's complaint (Counts 3 and 4) be denied.

### III. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendants' motion for partial dismissal (Doc. 8) be **DENIED**.

---

[3] Because Defendants have based their motion to dismiss on only one ground, the Court will address only that ground.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); **S.D. Ala. L.R.** 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st day of May, 2014.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**